# COMPLAINT
(for filers who are prisoners without lawyers)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

Cristian M. Loga-Negru

v.

(Full name of defendant(s))

Randall R. Hepp

(Warden - Waupun Correctional Institution)

Case Number:

_____

(to be supplied by Clerk of Court)

A.  PARTIES

    1.    Plaintiff is a citizen of __Wisconsin/IL.__, and is located at
                                        (State)

200 S. Madison St., Waupun, WI 53963
(Address of prison or jail)

(If more than one plaintiff is filing, use another piece of paper.)

    2.    Defendant __Randall R. Hepp__
                                                   (Name)
is (if a person or private corporation) a citizen of __Wisconsin__

Complaint – 1

                                                                    (State, if known)

and (if a person) resides at   Wisconsin

                                                                 (Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for  State of Wisconsin, Waupun Correctional Institution
                                    (Employer's name and address, if known)

     (If you need to list more defendants, use another piece of paper.)

B.    STATEMENT OF CLAIM

     On the space provided on the following pages, tell:
     1.    Who violated your rights;
     2.    What each defendant did;
     3.    When they did it;
     4.    Where it happened; and
     5.    Why they did it, if you know.

COUNT 1: Denial of Access to Library

1. Plaintiff Cristian M. Loga-Negru, is and was, at all times relevant hereto, an incarcerated person during August 2021 and February 17, 2022, in the custody of Waupun Correctional Institution, of Department of Correction of Wisconsin, in which Defendant Randall R. Hepp, sued in personal and official capacity, acts as a Warden.

2. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment, but did file a Petition for Extraordinary Writ with Wisconsin Supreme COurt, on Sep. 8, 2021.

3. The incarcerated people on each Cellhall are supposed to have access to library at least three times a week. During the time of three months, from Septemebr to November, the Plaintiff had been deprived of all access to the library, although he had courtdeadlines in the Supreme Court of Wisconsin.

4. During the said three months, and the two that followed, Plaintiff did not have enough time to conduct research and prepare legal documents, adequate for consideration in the Wisconsin Supreme Court, or the Supreme Court for United States. No book could have been checked out, or legal research done.

See: Lewis v. Casey, 518 U.S. 343, 355, 116 S.Ct. 2174 (1996); Hudson v. Palmer, 468 U.S. 517, 523, 104 S.Ct. 3194 (1984)(stating that "prisoners have the constitutional right to petition the Government for for redress of their grievences which includes a reasonableright of access to the courts").

5. The Writ Submitted to the Court documents on page 6, lack of meaningful access to the library, which amounted to a constitutional violation, because it caused the harm of putting before the Court few documents that did not represent the standard ussually expected of in a petition for review. See Hebbe v. Pliler, 527 F.3d 338, 342-43 (CA9, 2010)(when a constitutional violation prevents appeal.

COUNT 2: Unlawfull taking and loss of Personal property

6. In August 2021, Plaintiff filed the Grievence WCI-2020-2350, reporting the unlawfull seizure of many legal books and material, as well as few publication that were not legal.

7. Defendant did not have a legally sufficient reason to intentionally or through negligence, deprive the Plaintiff of his legal books: (e.g. Wisconsin Practice Series) purchased from West Publishing)

8. In completing the state administrative remedies, the Petitioner labeled each publication missing on a DOC-2182, Request for Review of rejected Complaint. See Trujillo v. Williams, 465 F.3d 1210, 1226-27 (CA10, 2006) where delayed delivery of materials requested by the prisoner prevented him from filing a state habeas corpus.

9. The Petitioner satisfied the "exhaustion requirement" by filing a complaint with the Defendant, who is the final Reviewing Authority. Moffat v. Broyles, 288 F.3d 978, 982 (CA7, 2002). The taking contributed to the Plaintiff inability to file the expected documents for appeal in the highest courts.

COUNT 3: FAILURE TO PROTECT THE PLAINTIFF FROM ASSAULT / emotional distress

10. Between August 2021 and February 2022, the Plaintiff had to adjust to the placement of 5 inmates in NWCH - I25 until was moved to cell I-1.

11. During September/October, one of the inmates, named Malik, almost overdosed on contraband substances, and ended up hanging on the Plaintiff's T-shirt, without power to stand on two feet. He was confiscated a metal spear the size of a door stop, and a note on which was written a command for stabbing.

12. On 11/18/2021, the Plaintiff suffered the harm inflicted by several fist punches thrown in his left eyes, which caused the ocular orbit to close the eye completely. Although he only asked for medical assistance, the Plaintiff was removed from his cell, charged with assault, and disruptive conduct, found not guilty of the first but guilty of the second, and was kept in segregative confinement for three weeks, pending court deadlines. Then more property was removed.

13. Until 11/18/2021, the Plaintiff informed the staff and the Institution Complaint Examiner that the corner of North West Cellhall I-25 is not safe, but riddled with contraband materials, trading substances, and populated with the loudest inmates strategically placed to the left and above the Plaintiff's corner cell.

14. During this time, the inmates placed inside with the Plaintiff did not have electronics, or were taken from the segregative area without access to canteen, and depended on the property of the Plaintiff, which was often times destroyed or used abusively. See Washington v. Harper, 494 U.S. 210 (1990).

15. Right before being moved to cell I-1, an inmate John Wesley was placed on top of the Plaintiff's cell I-25, continually harassing his cellmate and complaining about power surges which affected the electronic usage for hours and days.

Complaint - 3

## COUNT 4: VIOLATION OF THE 14TH AMENDMENT ON EQUAL GROUNDS

16. IN THE CORNER OF CELL i-25 the Plaintiff was deprived of communication with neighbours, peers of the same age, given the much younger cellmates assigned, and time to focus on legal work because of the power outages.

17. After the shutdown of the SWCH, where the Plaintiff occupied a single cell, the placement to I-25 was a change of the kind that seemed to compensate a profile, as if there is a personal bias to correct or a preference to challenge.

18. the privacy of mail communications and subject of legal work in the said area was minimal if not existant. Overcrowding in double-cells small enough for individual occupancy, does not serve any compelling reasons, and is not reasonably related to any legitimate security concern. See Tillery v. Owens, 907 F.2d 418, 427-28 (CA3, 1990).

19. In this area it seemed that a specific target standing was addressed, especially when the confinement fosters insecurity, isolation, and frustration with irritated and aggressive neighbours, as it did here.

20. Anxiety experienced by the Plaintiff self-represented is what caused him to appeal issues that should have not been appealed, and was rationally related to the conditions of living with people on segregative status, who did not care about integration in general population.

21. The conditions above have not been experienced in the previous years, and came to an end recently, which indicate that were event-related.

22. The defendant has occupied the position of a Warden for less than two years, or about two years. The Plaintiff is no longer solvent to hire an attorney.

Attachments to this complaint are:

1. Adult conduct report 11/18/2021; Notice of Major Disciplinary Hearing;
2. Complaint No. WCI-2022-2006
3. Complaint No. WCI-2021-17895
4. Complaint No. WCI-2021-12880
5. Complaint No. WCI-2021-12880 (Rejection)
6. Complaint No. WCI-2021-12880 (Reviewwing authority decision)
7. Complaint No. WCI-2021-16854
8. Inmate complaints dated: Aug. 11, 2021, Dec. 9, 2021, Oct. 29, 2021, Sep. 27, 2021, Dec. 27, 2021;
9. Complaint No. WCI-2021-19863
10. Complaint No. WCI-2021-19863 (Rejection)
11. Complaint No. WCI-2021-18083
12. Compaint No. WCI-2021-18083 (Reviewing Authority Decision)

23. Any deadline missed by the Plaintiff owes to the events above named. The main purpose of this complaint is to justify the passage of time without much procedural progress, based on the obstacles mentioned heretofor.

Complaint - 3 - A

C.  JURISDICTION

[X] I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR    18 U.S.C.A. § 242

[X] I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $400,000.00.

D.  RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

The Petitioner prays that the trigger date for a possible habeas corpus application, runs from the date of this complaint, which is 2/17/2022. He also prays that the Defendant or the state will not retaliate through institutional transfers or devices that would lead to property removal or impediments against the Plaintiff's appeal. (U.S. v. Gabaldon, 522 F.3d 1121, 1126 (10th Cir. 2008)); An injunctif relief against such actions. Any compensatory damages are left to the sound discretion of this court, should they be considered. A declaratory judgment that the Plaintiff rights included in this complaint havebeen violated by the Defendant, IN A MANNER THAT PRECLUDED PREPARATION FOR APPEAL Any other relief seemed appropriate, adequate or just by this Court. The Plaintiff prays however, that the Court would order the Defendant to bear the cost of the fee necessary to file a petition for habeas corpus if such action cannot be undertaken as a consequence of this complaint, further property removals from the Plaintiff's property, or intr-institutional movements. THE COST OF HABEAS APPLICATION IS $5.00.

E. JURY DEMAND

I want a jury to hear my case. I WANT A JURY TO HEAR THIS CASE.

☒ – YES (circled, with YES scribbled out)    ☒ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this __17TH__ day of __FEBRUARY__ 20__22__.

Respectfully Submitted,

_____
Signature of Plaintiff

__647656__
Plaintiff's Prisoner ID Number

__200 S. MADISON ST.__

__WAUPUN WI 53963__
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FULL FILING FEE

☒ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Full Filing Fee form and have attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5